UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
WILLIAM EDWARDS,

                              Plaintiff,

                                          9:04-CV-1054
                  v.                             (NAM)(GHL)

DONALD SELSKY, Dir. of Special Housing Unit and
Tier 3 Appeals; JOSEPH McCOY, Superintendent;
THOMAS G. EAGEN, Dir., Inmate Grievance Program;
GARY ANTHONY, Deputy Superintendent; D.W. SEITZ,
Captain; C.O. C. BONVINO; RAFTIS, Recreation Supervisor
and Tier 3 Assistant,

                                   Defendants.

APPEARANCES:                         OF COUNSEL:

WILLIAM EDWARDS
Plaintiff, *pro se*
99-A-0650
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

OFFICE OF THE ATTORNEY GENERAL    PATRICK F. MacRAE, ESQ.
Counsel for Defendant Eagen               Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204

GEORGE H. LOWE, U.S. MAGISTRATE JUDGE

## ORDER

     Presently before the Court is a request from *pro se* plaintiff William Edwards for assistance from the Court in effecting service of process on three individuals named as defendants in this action. Dkt. No. 6. By his civil rights complaint pursuant to 42 U.S.C. § 1983, plaintiff alleges, *inter alia*, that the defendants denied him adequate medical care and filed false disciplinary charges against him when he refused a program assignment which he was not physically able to perform.

Plaintiff filed an application seeking leave to proceed with this action *in forma pauperis*. This application was denied by Order of District Judge Norman A. Mordue filed December 31, 2004, because plaintiff did not establish economic need. Dkt. No. 4. Accordingly, plaintiff was directed to pay the filing fee for this action and summonses were issued to him for service on the defendants.[1] Plaintiff states that he hired a private process server, who effected service on defendants Selsky, Eagen, Bonvino and Raftis. Dkt. No. 6.[2] According to plaintiff, defendants McCoy, Anthony and Seitz have retired from their employment with the Department of Correctional Services, and have not yet been served with the summons and complaint. *Id.*[3]

As noted, plaintiff has requested assistance from the Court in effecting service of process on the three retired individuals. Needless to say, the mere fact that three defendants have retired from state service does not mean that the process server cannot locate these individuals and effect service of process on them. Moreover, while their retirement may well make that task somewhat more complicated and/or costly to plaintiff, it does not itself warrant judicial intervention. Nevertheless, the Court is mindful of the fact that these individuals may prefer to designate an agent for service of

---

[1] By contrast, where a plaintiff is granted *in forma pauperis* status, the U.S. Marshals Service is appointed to effect service of process of the summons and complaint on the plaintiff's behalf. *See* Fed. R. Civ. Pro. 4(c)(2) (Marshals Service must be appointed to serve process when plaintiff is authorized to proceed *in forma pauperis*)); 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process and perform all duties in [*in forma pauperis*] cases").

[2] The Court notes, however, that no returns of service have been filed and the only defendant who has appeared to date is Eagen. Dkt. No. 5.

[3] According to the Complaint, these defendants were employed at Cayuga Correctional Facility. Dkt. No. 1.

process rather than have their home addresses disclosed to the plaintiff. Accordingly, the Clerk of the Court is directed to send a copy of this Order to William M. Gonzalez, Esq., Deputy Counsel of the New York Department of Correctional Services ("DOCS").[4] Deputy Counsel Gonzalez is requested to communicate with defendants McCoy, Anthony and Seitz, and to advise the Court in writing, **within thirty (30) days** of the filing date of this Order, whether any of these three individuals have appointed him their agent for service of process in this matter.

WHEREFORE, it is hereby

ORDERED, that the Clerk of the Court is directed to send a copy of this Order to William M. Gonzalez, Esq., Deputy Counsel of the New York Department of Correctional Services ("DOCS"), and it is further

ORDERED, that Deputy Counsel Gonzalez is requested to communicate with defendants McCoy, Anthony and Seitz, and to advise the Court in writing, **within thirty (30) days** of the filing date of this Order, whether any of these three individuals have appointed him their agent for service of process in this matter, and it is further

ORDERED, that the time for effecting service of process on the remaining defendants is extended until May 31, 2005.

Dated: April 11, 2005
       Syracuse, New York

_George H. Lowe_
George H. Lowe
United States Magistrate Judge

---

[4] DOCS General Counsel's Office has assisted the Court from time to time in locating former DOCS employees in order that service of process may be effected on those individuals.